IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANGELICA MEDINA,
*PLAINTIFF*

VS.

Civil Action No. 4:23-cv-00129

COSTCO WHOLESALE
CORPORATION,
*DEFENDANT*

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ANGELICA MEDINA ("Plaintiff") complaining of and about COSTCO WHOLESALE CORPORATION ("Defendant") and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2. Pursuant to Chapter 47 of the Texas Rules of Civil Procedure, Plaintiff seeks a maximum recovery of over $250,000.00, but not more than $ 1,000,000,000.

### II. PARTIES AND SERVICE

2. Plaintiff, ANGELICA MEDINA, is an individual whose address is 2612 Bamberry Dr Fort Worth, TX 76133.

3. Defendant, COSTCO WHOLESALE CORPORATION is a Foreign For-Profit Corporation doing business in Texas, whose registered agent CT CORPORATION SYSTEM may be served at 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136. Issuance of citation is not requested at this time.

## III. JURISDICTION AND VENUE

4. Plaintiff brings her complaint under federal diversity jurisdiction, 28 U.S.C. § 1332(a)(1) and 1441, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

5. Plaintiff is an individual and a resident of the State of Texas

6. Defendant, COSTCO WHOLESALE CORPORATION is a foreign company who maintains its principal place of business in Washington.

7. The Subject matter is within the jurisdictional limits of this court.

8. This court has jurisdiction over Defendant because said Defendant purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to Defendant.

10. Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in Texas.

11. Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

12. On or about January 6, 2022, Plaintiff was an invitee on Defendant's premises at Costco

Wholesale Corporation located at 5300 Overton Ridge Blvd. Fort Worth, TX 76132.

13. Plaintiff was grabbing some waters and, as she was stepping back, she tripped on the machine/forklift that moves the pallets and fell, resulting in injuries.

14. A customer who was passing helped Plaintiff up.

15. Defendant failed to maintain a safe environment by leaving the pallets unattended, failing to train its employees to safely inspect, and failing to warn Plaintiff of the danger.

16. As a result, Plaintiff sustained injuries to numerous areas of her body.

## V. PLAINTIFF'S CLAIMS FOR PREMISES LIABILITY AGAINST DEFENDANT

17. At all relevant times herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

18. At all relevant times herein, Plaintiff was an "invitee," as classified under Texas law at the time of the incident in question. Plaintiff entered Defendant's premises in question for the mutual benefit of Plaintiff and Defendant and/or for a purpose connected with the business of Defendant. Defendant's employee had control of the area where Plaintiff was injured.

19. Defendant, Defendant's agents, and employees failed to maintain a safe environment by not properly fixing the hole in the area of question.

20. At all times pertinent herein, Defendant, Defendant's agents and employees, who were acting in the scope of their employment, are liable to Plaintiff for their negligent conduct toward the Plaintiff:

   a. In Defendant failing to maintain a safe environment by not keeping the pallets properly placed while customers were present;
   b. In Defendant failing to have appropriate safety procedures for their employees and agents on manage and organize potentially dangerous materials while customers are present, to prevent the sort of injuries sustained by Plaintiff;
   c. In Defendant, Defendant's employees and agents failing to use due and reasonable care to avoid creating the dangerous environment that caused Plaintiff severe injuries and damages;

d. In Defendant failing to properly train and supervise its employees and agents, and failing to warn Plaintiff which proximately caused Plaintiff's injuries and damages;
e. In Defendant, through its employee and/or agents, creating an unreasonable risk of harm by creating a dangerous condition thereby putting Defendant on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz* , 109 S.W.3d 584, 589 (Tex. 2003); and

## VI. RESPONDEAT SUPERIOR

21. At all relevant times, Defendant's negligent employees were acting in the scope of their employment with Defendant. Therefore, under the principle of respondeat superior, the masters are liable for their servant's torts.

## VII. DAMAGES FOR PLAINTIFF

22. As a direct and proximate result of the occurrence made the basis of this lawsuit,

   Plaintiff was caused to suffer physical injuries, and to incur the following damages:

   A. Reasonable medical care and expenses in the past;
   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
   C. Physical pain and suffering in the past;
   D. Physical pain and suffering in the future;
   E. Mental anguish in the past;
   F. Mental anguish in the future;
   G. Impairment in the past;
   H. Impairment in the future;
   I. Loss of earning capacity; and
   J. Past and future disfigurement.

## IX. NOTICE PURSUANT TO TRCP 193.7

23. NOTICE IS HEREBY GIVEN that pursuant to Rule 193.7 of the Texas Rules of Civil

 Procedure, Counsel for Plaintiff intends to use Defendant's discovery responses and any

documents produced in discovery in the trial of this cause of action and/or any hearings before the Court herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICE OF TRUJILLO & SANCHEZ, P.C.**

By: */s/ Rachel Verich*
     Rachel Verich
     State Bar No. 24123190

     **Service Email:** Faxes@972lawfirm.com
     500 E. John Carpenter Fwy., Ste. 140
     Irving, Texas 75062
     Tel/Fax: (972) 529-3476
     **ATTORNEYS FOR PLAINTIFF**