IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANGELICA MEDINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00129-BP |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion for Summary Judgment and brief and appendix in support filed by Defendant Costco Wholesale Corporation ("Costco") (ECF Nos. 33-35); Response, brief, and appendix in support filed by Plaintiff Angelica Medina ("Medina") (ECF Nos. 36-38); and Costco's Reply (ECF No. 43). Having considered the pleadings, the summary judgment evidence, and legal authorities, the Court **GRANTS** Costco's Motion (ECF No. 33).

**I.   BACKGROUND**

This is a trip and fall case. Medina testified in her deposition that on or about January 6, 2022, she was shopping at the Costco warehouse located at 5300 Overton Ridge Boulevard, Fort Worth, Texas. ECF Nos. 38 at 4; 1 at 2-3. One of the items on her grocery list was a case of water bottles, so she went to the water display at the back of the store. ECF Nos. 38 at 4; 35 at 9. An unattended forklift was parked in front of the display. ECF No. 35 at 9. Medina stepped between a gap between the forklift and the display, lifted a case of water bottles, and stepped backwards. *Id.* at 12. As she stepped backwards, she tripped on the "bottom part of the machine" and fell. ECF No. 38 at 10. She alleges that this caused her to sustain numerous injuries. ECF No. 1 at 3. Medina now sues Costco for premises liability, negligent activity, respondeat superior, and negligent

hiring, retention, training, and supervision. ECF No. 1. Costco moves for summary judgment on all claims. ECF No. 33.

## II.   LEGAL STANDARD

### A.   Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Sw. Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden[.]" *Douglass*, 79 F.3d at 1429. Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*,

477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the "light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when "both parties have submitted evidence of contradictory facts," thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c). But "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[S]ummary judgment is appropriate when 'the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022) (quoting *Celotex*, 477 U.S. at 323).

B.   *Erie* Doctrine

"Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under

3

consideration, [it] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

## IV. ANALYSIS

The Court has diversity jurisdiction over Medina's claims against Costco because Medina is a citizen of Texas, Costco is a foreign corporation with a principal place of business in Washington, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; ECF No. 25. The Court thus applies the substantive law of the forum state, which here is Texas.

> **A. Because Medina does not allege or offer evidence of any contemporaneous conduct by Costco or its employees that caused her injuries, her non-premises liability claims fail as a matter of law.**

Medina asserts claims for premises liability, negligent activity, and respondeat superior. ECF No. 25. She also alleges negligent hiring, retention, training, and supervision, although she styles them as a simple negligence claim. *Id.* at 4-5 ("[Medina] alleges that [Costco] was negligent in the hiring[,] retention . . . [, and] in the training and supervision" of its employees.).

"Although negligent activity and premises liability claims are branches of the same tree, they are conceptually distinct[.]" *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) ("*Austin I*") (applying Texas law). Claims for negligent activity are based on "affirmative, contemporaneous conduct by the owner that caused the injury, while" a claim for premises liability is "based on the owner's failure to take measures to make the property safe." *Id.* (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, at 776 (Tex. 2010)). "Distinguishing between these two causes of action can be tricky . . . , since almost every artificial condition can be said to have been created by an activity." *Id.* (internal quotation marks omitted). Plaintiffs "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Id.* at 197

4

(collecting Texas cases). Similarly, claims for respondeat superior and negligent hiring, retention, training, and supervision fail where the plaintiff fails to allege a contemporaneous activity. *Anderson-Brown v. Kroger Tex., L.P.*, No. 3:21-CV-02094-M, 2022 WL 4071944, at *2 (N.D. Tex. Sept. 2, 2022) (applying Texas law), *aff'd sub nom. Anderson-Brown v. Kroger Tex. Ltd. P'ship*, No. 22-10985, 2023 WL 2570557 (5th Cir. Mar. 17, 2023); *see also Maldonado v. AEP Tex. Inc.*, No. 2:22-CV-00160, 2023 WL 5687023, at *2 (S.D. Tex. July 10, 2023) (reducing the plaintiff's negligence, res ipsa loquitor, and respondeat superior claims to a premises liability claim where the plaintiff tripped and fell over a rolled-up carpet that had been left on the premises).

Medina offers no evidence to show that Costco or any of its employees engaged in a contemporaneous, negligent activity at the time of her injuries. Her injury occurred when she tripped over a stationary and unattended forklift. Because there was no ongoing activity, her negligent activity, respondeat superior, and negligent hiring, retention, training, and supervision claims fail as a matter of law. *See Reeves v. Home Depot, U.S.A., Inc.*, No. AU-16-CA-00615-SS, 2018 WL 405120, at *2 (W.D. Tex. Jan. 12, 2018) (applying Texas law) (Where plaintiff tripped over a stationary and unattended piece of "drivable equipment similar to a forklift," the court dismissed her negligent activity claim for want of contemporaneous negligent activity.).

Medina argues that based on *Corbin v. Safeway Stores, Inc.* she may pursue all theories of recovery. 648 S.W.2d 292 (Tex. 1983). In that case, Corbin slipped on a grape that had fallen from the defendant store's "self-serve grape bin" and sued the store. *Id.* at 297. The court held that "an invitee's suit against a store owner is a simple negligence action." *Id.* at 295 (collecting cases). Medina argues that because Corbin sued under a simple negligence theory, she "should be allowed to submit her claims to a jury based on a theory of general negligence." ECF No. 37 at 10.

5

The Texas Supreme Court rejected this argument in *H.E. Butt Grocery Co. v. Warner*. 845 S.W.2d 258, 259 (Tex. 1992). There, Warner slipped on a "puddle of water, chicken blood, and other fluids that had accumulated on the floor" during a "bag your own chicken" promotion at an HEB store. *Id.* She sued under both negligence and premises liability, but the trial court submitted only a premises liability question to the jury. *Id.* at 259. The court of appeals reversed because the trial court did not submit Warner's simple negligence theory. *Id.* The Texas Supreme Court reversed the court of appeals, holding that Warner's only basis of recovery was premises liability. *Id.* ("Although [the plaintiff] maintains that she has been denied her alternative [negligence] theory of liability, it is undisputed that she was injured by a condition on the premises . . . rather than a negligently conducted activity."); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (where the plaintiff sued under both negligent activity and premises liability theories of recovery, the trial court only submitted the premises liability theory to the jury, and the Texas Supreme Court affirmed); *see also Folks v. Kirby Forest Indus. Inc.*, 10 F.3d 1173, 1177 (5th Cir. 1994) (rejecting the argument that *Corbin* permits plaintiffs injured by a condition to bring a simple negligence claim). Medina's only basis of recovery on the facts of this case is premises liability, so the Court **DISMISSES** all of her other claims.

      **B.**      **The record contains no evidence that Costco was aware that a parked forklift in front of the water display posed any sort of risk.**

The first step in evaluating a premises liability claim is determining the nature and scope of the landowner's duty. *Austin I*, 746 F.3d at 198 (citing *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008)). "Whether a duty exists is a question of law" that requires "balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant." *Id.* (cleaned up) (quoting *Del Lago Partners*, 307 S.W.3d at 767). The scope of a landowner's duty depends on the plaintiff's status. *Id.* One who enters

6

another's property "with the owner's knowledge and for the mutual benefit of both" is an invitee. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015) ( "*Austin II*"). A retail store customer like Medina is an invitee. *See Corbin*, 648 S.W.2d at 294-95.

Landowners have a duty to "make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be aware but the invitee is not." *Austin II*, 465 S.W.3d at 203 (collecting cases). This duty does not extend to open and obvious dangers "because the law presumes that invitees will take reasonable measures to protect themselves against known risks[.]" *Id.* A landowner's duty to an invitee is not absolute but instead is limited to a "duty to exercise ordinary, reasonable care." *Id.* Costco argues that (1) it lacked knowledge that a stationary forklift posed a risk of harm; and (2) the forklift was an open and obvious condition. ECF No. 34. The Court grants Costco's motion based on the former, so it need not consider the latter.

Costco maintains that it lacked actual or constructive knowledge of the forklift's location. ECF No. 34. A landowner "cannot breach a duty that it does not owe, and it does not owe a duty to correct a defect of which it is not, and should not be aware." *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, at 4 (Tex. 1996). Generally, in the context of hazards in stores, Texas law requires that there must be proof that the condition "existed for some length of time before a premises owner may be charged with constructive notice[.]" *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006) (where ice cubes on the floor had not fully melted, landowner did not have constructive notice). The rule emerged from a "reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for 'the fortuitous act of a single customer' that could instantly create a dangerous condition." *Reece*, 81 S.W.3d at 815-16.

7

Costco argues that there is no evidence (1) "of any kind of actual knowledge by Costco that a forklift was present if, (in fact, it was), much less that it posed a risk of harm"; and (2) of how long the forklift was parked in front of the water bottles. ECF No. 34. Medina maintains, however, that where the landowner creates the condition, an inference of that landowner's knowledge arises. ECF No. 37.

Medina is correct that Texas courts infer knowledge where the landowner creates the condition. *Keetch*, 845 S.W.2d at 266 (Tex. 1992) (collecting cases); *see also Total Petroleum, Inc. v. Cater*, No. 05-98-00702-CV, 2000 WL 1048510, *4 (Tex. App.—Dallas July 31, 2000, pet. denied) (where defendant authorized construction work and "permitted and maintained the construction area in such a manner that cement dust and other debris was deposited on the walkway[, t]his alone [was] sufficient evidence to charge [the defendant] with knowledge of the dangerous condition on the walkway). But "[m]aking the inference as a matter of law is improper unless knowledge is uncontroverted." *Keetch*, 845 S.W.2d at 265. Because Costco denied knowledge of the condition, the Court cannot make an inference of knowledge as a matter of law. *Id.*

Moreover, to prevail on a premises liability claim, a plaintiff must show not only that the defendant knew of the condition, but also that it knew the condition posed an unreasonable risk of harm. *Zook v. Brookshire Grocery Co.*, 302 S.W.3d 452, 456 (Tex. App.—Dallas 2009, no pet.) ("While proof that the premises owner created the condition that posed an unreasonable risk of harm may constitute circumstantial evidence of knowledge, evidence of the owner's knowledge or appreciation of the dangerous condition must be established"). "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of

8

the potential danger presented by the condition." *Univ. of Texas-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008).

Here, the record reflects no evidence that Costco had any such reports or knew that a stationary forklift parked in front of the water bottle display posed any sort of unreasonable risk of harm. It also contains no evidence reflecting how long the forklift was parked in front of the display. ECF No. 35 at 12. Thus, Costco has carried its burden of showing no genuine issue of material fact as to its knowledge of the condition, and Medina has offered no evidence to the contrary. *Zook*, 302 S.W.3d at 456 (affirming trial court's grant of summary judgment that the plaintiff did not show that the defendant had actual knowledge unreasonable risk of faulty railing it had installed); *Reece*, 81 S.W.3d at 817 (defendant lacked constructive notice where there was no evidence of how long the hazard was in place). Accordingly, the Court **GRANTS** Costco's Motion on Medina's premises liability claim.

### C. The condition was not so unusually dangerous as to eliminate the notice requirement.

Finally, Medina argues that Costco's knowledge of the condition is immaterial, because it "knew or should have known that the course of conduct and method of operation employed in its stores increased the risk of tripping, and Costco need not be aware of the specific condition that caused the fall." ECF No. 36 at 6. Medina again relies on *Corbin* to argue that her claims survive the Motion despite the record's lack of evidence of Costco's actual or constructive knowledge. 648 S.W.2d 292. In *Corbin*, the Court found that a grape display on an uncovered green linoleum tile floor posed an unusually high risk of customer falls such that a duty arose despite the record's lack of evidence of the store's constructive knowledge. *Id.* at 297.

Medina argues that because Costco operates using a "warehouse concept," it knew or should have known of inherent risks of using "large pallets and large machines to move those large

9

pallets." ECF No. 36 at 9. She further contends that it knew or should have known of the risks associated "with the use of machines, such as forklifts, the transportation of pallets through a store where customers are present, and storage of the machines on the premises while customers are present." *Id.* Finally, she asserts that the display would attract customers to the side where the forklift was parked, so Costco knew that this would increase the risk of customers tripping and falling. *Id*. at 10.

However, in *Corbin*, two employees testified that "the self-service grape bin in conjunction with the absence of any covering on the store's green linoleum tile floor posed an unusually high risk of customer falls resulting from grapes dropped on the floor." 648 S.W.2d at 297. Thus, there was evidence in *Corbin* that the risk of the grape bin was "known and unusually high." *Id.* at 295. Moreover, *Corbin*'s "theory of recovery "applies only to an exceptional case[,]'" and the Texas Supreme Court has limited it to its facts. *Townson v. Wal-Mart Stores, Inc.*, 760 F. App'x 345, 349 (5th Cir. 2019) (quoting *Taylor*, 222 S.W.3d at 408)); *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580 (S.D. Tex. 2012) (collecting cases) ("The Texas Supreme Court has limited *Corbin* to its facts, and, generally, courts require that plaintiffs show notice."); *Robles v. Ross Stores, Inc.*, No. 3:16-cv-0086-B, 2017 WL 2306527, at *6 (N.D. Tex. May 26, 2017) ("*Corbin*—a case distinguished from other cases nearly as frequently as it is cited approvingly—is somewhat of an anomaly in Texas premises liability jurisprudence in the first place."). Here, there is no evidence to show that the risk of a stationary forklift in front of a water display was "known and unusually high" as it was in *Corbin*. Consequently, Medina has not carried her burden of raising a genuine issue of fact for trial that Costco had knowledge of any kind of risk.

### III.   CONCLUSION

Medina's non-premises liability claims fail as a matter of law because Medina did not allege or offer evidence of any contemporaneous conduct by Costco or its employees that caused her injuries. Likewise, Medina offered no evidence that Costco was aware that a parked forklift in front of the water display posed any sort of risk of harm to its customers. Finally, the presence of a parked forklift was not so unusually dangerous as to eliminate the requirement that Costco have notice of a dangerous condition.  Accordingly, the Court **GRANTS** Costco's Motion for Summary Judgment (ECF No. 33). and **DISMISSES** Medina's claims.

It is so **ORDERED** on March 14, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

11